NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN KEVIN GRAY,

          Plaintiff-Appellant,

   v.

ISIDRO BACA, Warden; BRIAN WARD;
ROMEO ARANAS; T. WICKHAM, true
name: Theresa Wickham; MARKS, Doctor;
true name: Dana Marks; JENNIFER, Last
name unknown; CANDI BROCKAWAY,
true name: Candice Brockway; true name:
Candis Rambur,

          Defendants-Appellees.

No. 20-17337

D.C. No. 3:16-cv-00716-MMD-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Nevada state prisoner Brian Kevin Gray appeals pro se from the district

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Gray failed to raise a genuine dispute of material fact as to whether defendants unreasonably delayed in providing him with essential medications or ignored his medical symptoms. *See id.* at 1057-60 (holding that deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice or negligence does not amount to deliberate indifference); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (holding that liability under § 1983 requires a showing of personal participation in the alleged rights deprivation).

**AFFIRMED.**